MOTION PICTURE PATENTS CO. v. YANKEE FILM CO.

SAME v. STEINER et al.

(Circuit Court, S. D. New York. January 3, 1911.)

PATENTS (§ 328*)—INFRINGEMENT—KINETOSCOPE.

The Edison reissue patent, No. 12,037 (original No. 589,168), for a kinetoscope, *held* infringed, on motion for a preliminary injunction.

In Equity. Suits by the Motion Picture Patents Company against the Yankee Film Company and against William Steiner and others. On motions for preliminary injunction. Motions granted.

Philip Farnsworth (J. Edgar Bull, of counsel), for complainant.
Seward Davis, for defendants.

LACOMBE, Circuit Judge. The defense of failure to disclaim as to claim 4 was disposed of in decision on the demurrer.

The defense of prior invention by Friese-Greene, now presented for the first time after the patent has been for several years in litigation and long since sustained by the Circuit Court of Appeals, is one to be passed upon at final hearing.

The defense that the suit against the Mutoscope Company, in which the Circuit Court of Appeals sustained the validity of the patent, was a collusive one, must also be reserved for final hearing.

As to infringement: Defendants have been engaged in one way or another in having moving pictures taken by two different cameras, or in selling or leasing the reproduction of exposures thereon. Apparently, on their own admissions, they were satisfied with the statements of the persons taking the pictures that the machines did not infringe. They took no steps to assure themselves that these statements were correct. It was so easy to demonstrate noninfringement by showing either that the film moved continuously, or that the lens (or lenses) moved—a demonstration which might have been made to the court, if not to the adversary—that the failure to do so arouses suspicion. Undoubtedly the detectives who testify for complainant were able to give but a hasty glance at the interior on the two occasions when the covering cloth was disarranged; but the affidavit of the defendant Henkel, in connection with the other testimony, seems to indicate sufficiently to make out a prima facie case that these two cameras are really of the Gaumont or so-called "beater" type, which have been held to infringe in Motion Picture Company v. Champion Co. (recently decided). 183 Fed. 986.

Injunction may be taken against all the defendants.

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes